## N. G. CONN v. ED. SCRUGGS.

JUSTICES' JUDGMENT. *Words descriptive of person. Correction.* Where a note on which a judgment was based evidenced the individual indebtedness of the maker, and the words "trustee," etc., being merely descriptive of the person making the note, a subsequent correction of the judgment, by adjudging the defendant personally liable, was immaterial, and neither enlarged nor contracted its legal force, but where the word trustee is annexed to the name of a defendant to show that his liability is fiduciary, and not personal, the result would be different upon correction of the judgment by the justice.

Case cited: *Caster* v. *Wolfe*, 1 Heis., 694.

### FROM WILLIAMSON.

Appeal from Circuit Court. WM. P. MARTIN, J.

MILLER and FOWLKES for plaintiff.

CAMPBELL, McEWEN and BULLOCK for defendant.

MAYFIELD, Sp. J., delivered the opinion of the court.

The plaintiff in error recovered a judgment before R. M. Magness, a justice of the peace for Williamson county, on the 25th of May, 1872, against defendants in error for $66.11 and costs of suit. This judgment was rendered upon a promisory note made by the defendant under the name and description of "E. Scruggs, trustee of N. P. Crutcher," and the justice enters up judgment as follows:

"N. G. Conn v. Ed. Scruggs, trustee of Nancy P. Crutcher, judgment for the plaintiff against defendant for $66.11 and costs."

On the 18th of August, 1873, the plaintiff gave the defendant notice that he would, on the — day of said month, apply to said justice, to correct said judgment so as to authorize an execution against the proper goods and chattels, lands and tenements, of said defendant, and on the 30th of August, 1873, said justice made this order:

"N. G. Conn v. Ed. Scruggs, trustee of Nancy P. Crutcher. In this case it is considered by me that the motion to correct said judgment, that the defendant being personally bound upon the note upon which this suit is predicated, the same should stand N. G. Conn v. Ed. Scruggs, which correction is hereby made."

From this action of the justice the defendant prayed and obtained an appeal to the Circuit Court of said county, and at the July term, 1874, of said court, on motion of said defendant, the action of said justice on the 30th of August, 1873, aforesaid, was declared a nullity and the proceedings in that behalf quashed, and to reverse this the plaintiff in error prosecutes his appeal to this court.

The note, for the collection of which the original action was instituted, evidenced the individual indebtedness of the maker; the superadded words "trustee of N. P. Crutcher," are to be taken as simply descriptive of the person. *Carter* v. *Wolfe*, 1 Heis., 694, and authorities there cited.

The words ".trustee, etc.," there, being merely descriptive and not subserving the purpose of creating a liability on the part of the alleged beneficiary or others than a personal liability on the part

of the maker, it is difficult to see how they are to have greater force and effect when employed in the judgment, but as before, they are and remain descriptive.

It will follow then that the supposed correction was quite immaterial, and neither enlarged or contracted the legal force of the judgment. But it seems that the motion was made, and the correction had upon the supposition that the justice had erred in rendering the judgment of 25th of May, 1872, by, in substance, adjudging the defendant liable in his fiduciary capacity and not individually, and if this were so it would be such error of conclusion as to the legal liability of the defendant upon the note, the basis of the action as could not be corrected in the mode attempted, at all events after such a lapse of time.

We affirm the judgment of the Circuit Court.